UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

VIRGIL FRANK CALAMESE,           Civil No. 07-1761 (JNE/JJG)

        Petitioner,

v.                             **REPORT AND RECOMMENDATION**

TERRY CARLSON, Warden,

        Respondent.

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In December 2000, Petitioner entered a guilty plea in the state district court for Ramsey County, Minnesota, to a charge of kidnaping, in violation of Minn.Stat. § 609.25, Subd. 1(2) and 2(2). (Petition, p. (2), ¶s 1-4.) He was sentenced to 196 months in prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Moose Lake, Minnesota. (Id., ¶ 3.)

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner did not file a direct appeal in his state criminal case, (id., ¶ 8), but he later filed a post-conviction motion in the trial court. (Id., pp. (3)-(4), ¶ 11.) In his post-conviction motion, Petitioner contended that he was sentenced in violation of his constitutional rights, because the length of his sentence was based on facts and circumstances that were determined solely by the trial court judge, rather than a jury. (Id., ¶ 11(a)(3).) Although Petitioner has not disclosed the exact date when he filed his state post-conviction motion, his petition shows that the motion was decided – apparently against Petitioner – on February 14, 2006. (Id., p. (4), ¶ 11(a)(6).) The petition further indicates that Petitioner sought appellate review of the trial court's ruling on his post-conviction motion. (Id., ¶ 11(c).) However, the petition provides no information about that appeal, and the Court has not been able to independently verify that there really was an appeal.[2]

Petitioner's current federal habeas corpus petition was filed on April 3, 2007. The petition presents only a single claim for relief, which is described as follows: "Court errored [sic] when it sentenced the Petitioner to a double durational departure on facts founded [sic] by a judge and not a jury." (Id., p. (5), ¶ 12.A.) This claim cannot be addressed on the merits, however, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

---

[2] If Petitioner did not seek appellate review of his post-conviction claim in the Minnesota Court of Appeals, and the Minnesota Supreme Court, then he failed to exhaust his state court remedies with regard to that claim. If that is the case, then his current claim for relief would have to be summarily dismissed due to non-exhaustion. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The exhaustion issue will not be considered here, however, because the Court finds that this action must be dismissed for the more manifest reason discussed below.

## II. DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus petitions filed by state prison inmates. The statute provides as follows:

> "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses (B) or (D) of § 2244(d)(1) could be applicable. In other words, there is no suggestion that the State created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitations period, nor is there any suggestion that Petitioner's current claim is based on any new evidence that could extend the deadline for seeking federal habeas corpus relief.

The Court also finds that § 2244(d)(1)(C) does not apply here, even though Petitioner's claim appears to be based on the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), which was not handed down until after Petitioner had been convicted and sentenced. Although Petitioner has not explicitly cited Blakely, his current claim for relief – i.e., that his sentence was improperly enhanced based on factual determinations made by the trial judge rather than a jury – presumably is based on that decision. However, even if Petitioner's claim is based on Blakely, § 2244(d)(1)(C) is not applicable, because Blakely did not establish a new rule of constitutional law that has been made retroactively applicable to cases on collateral review. While Blakely did establish a new rule of constitutional law, (i.e., that most factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is not retroactively applicable on collateral review. Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir.) (unpublished opinion), cert. denied, 127 S.Ct. 64 (2006); Paige v. Birkett, No. 05-CV-71917-DT (E.D.Mich. 2006), 2006 WL 273619; Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357; Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537. Because Blakely is not retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run in this case, pursuant to § 2244(d)(1)(C), when Blakely was decided.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner is challenging a judgment of conviction and sentence entered on December 2, 2000. (Petition, p. (2), ¶ 2.) Because Petitioner did not pursue a direct appeal, that judgment became final,

for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence was March 2, 2001, (90 days after entry of the judgment of conviction and sentence), and that is the date when the one-year statute of limitations began to run in this case. The deadline for seeking federal habeas corpus relief expired one year later, on March 2, 2002. Petitioner did not file his current petition, however, until April 3, 2007 -- more than five years after the limitations period had expired.

The Court recognizes that the habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

The tolling provisions of § 2244(d)(2) cannot aid Petitioner here, however, because it appears that the statute of limitations had already expired long before he filed his post-conviction motion in the trial court. Although Petitioner has not disclosed the exact date when he filed his post-conviction motion, his petition does indicate that the motion was denied by the trial court on February 14, 2006. In light of the late date when the motion was denied, it is


obvious that Petitioner must not have filed his post-conviction motion until well after March 2, 2002, when the federal statute of limitations expired in this case.

If Petitioner did not file his post-conviction motion until sometime after March 2, 2002 – which clearly appears to be the case – then the federal statute of limitations had already expired before the post-conviction motion was filed. See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("by the time [petitioner] filed his state court application [for post-conviction relief]... there was no federal limitations period remaining to toll, and the petition was properly dismissed as time-barred"). In short, the tolling provision cannot save the present petition from being time-barred, because "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired." Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006). See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

Petitioner may believe that his post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until all of his state post-conviction proceedings were fully complete. That, however, is simply not the case. "Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted). Again, once the statute

of limitations expired in this case, in March 2002, it could not thereafter be restarted by Petitioner's subsequent post-conviction motion.[3]

## III. CONCLUSION

For the reasons discussed above, the Court finds that this action is untimely. The judgment that Petitioner is challenging became "final" for purposes of § 2244(d)(1)(A), and the one-year statute of limitations began to run, when the deadline for filing a direct appeal expired on March 2, 2001. The statute of limitations expired one year later, on March 2, 2002, but Petitioner did not file his current federal habeas corpus petition until more than five years thereafter. Furthermore, the tolling provision of § 2244(d)(2) cannot help Petitioner in this case, because he has not shown that he filed his state post-conviction motion before the one-year statute of limitations expired on March 2, 2002. Thus, the Court concludes that

---

[3] As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 532 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be dismissed with prejudice pursuant to Rule 4 of the Governing Rules.

Having determined that this action must be summarily dismissed pursuant to the applicable statute of limitations, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be DISMISSED WITH PREJUDICE.


Dated: April 9, 2007

                                                      s/Jeanne J. Graham

                                                      JEANNE J. GRAHAM
                                                      United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by April 26, 2007. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.